■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALLEN W. WHITE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered November 22, 1972, convicting him of possession of weapons and dangerous instruments and appliances, as a felony, and criminal possession of a dangerous drug in the sixth degree, upon a jury

verdict, and imposing sentence. Judgment reversed as to the conviction and sentence on the count for possession of weapons and dangerous instruments and appliances, on the law, and new trial ordered on that count; judgment reversed as to the sentence on the conviction for possession of a dangerous drug, on the law; the latter conviction is affirmed; and the case is remitted to the trial court for resentence on the count for possession of drugs. The facts upon which the convictions were based are determined to have been established. Defendant and three codefendants were jointly tried on charges of possessing a gun and heroin in an automobile. During the trial it became known that one of the codefendants, Eubanks, had made a statement to the arresting officer concerning possession or knowledge of the gun which exculpated himself but was inferentially incriminatory as to the other defendants. Eubanks' attorney insisted on questioning the arresting officer concerning this statement because it tended to exculpate his client. Despite the fact known to all the attorneys that at the prosecutor's request the trial court had decided to grant Eubanks immunity in return for his testimony later in the trial, Eubanks' attorney was permitted to elicit the statement in question. In addition, the court in its charge left it to the jury to determine what "bearing" that testimony had on all of the charges against appellant and "particularly count 1, involving the loaded weapon". This was clear error, since the statement had no probative value against appellant, was a self-serving declaration by Eubanks and was inadmissible hearsay. The foregoing concerning possession of the gun which was not properly in evidence against appellant requires a new trial of the count of the indictment charging possession of weapons and dangerous instruments and appliances as a felony. Since the court at sentencing was under the misapprehension that appellant had been convicted of three counts, whereas he had only been convicted of two, the case must be remitted for resentence on the count charging criminal possession of a dangerous drug in the sixth degree (*People* v. *Rodriguez*, 34 A D 2d, 911, 912). Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Cohalan, JJ., concur.